UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA MARIE PEREZ, aka LISA MARIE BELYEW,<br><br>Petitioner,<br><br>v.<br><br>LAVELLE PARKER,<br><br>Respondent. | No. 2:24-CV-3285-SCR<br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner is a state prisoner proceeding without counsel in this habeas corpus action filed pursuant to 28 U.S.C. § 2254.

**I.    Factual and Procedural History**

Petitioner is challenging her 2018 conviction following a jury trial in the Colusa County Superior Court for assault with a deadly weapon, corporal injury on a spouse, and vandalism. ECF No. 1. She was sentenced to 13 years in prison. ECF No. 1. Her conviction was affirmed by the California Court of Appeal and her petition for review was denied by the California Supreme Court in 2020. Petitioner has also filed several state habeas petitions challenging this conviction.

In the pending § 2254 application, petitioner raises a single claim for relief. She contends that the trial court abused its discretion in denying her 138 days of presentencing custody credits. By way of relief, she requests this court to order these 138 days of credits be applied to her sentence.

1

## II. Legal Standards

Under Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 Cases, the court must review all petitions for writ of habeas corpus and summarily dismiss any petition if it is plain that the petitioner is not entitled to relief. Federal courts retain broad powers to control their dockets and to "prevent duplicative or unnecessary litigation." Slack v. McDaniel, 529 U.S. 473, 478 (2000).

## III. Analysis

The court's own records reveal that petitioner has a pending habeas action challenging this same conviction in Belyew v. Parker, No. 2:19-cv-0294-DAD-AC (E.D. Cal.).[1] Indeed, petitioner raises the same claim challenging her presentencing credits in Belyew v. Parker, No. 2:19-cv-0294-DAD-AC. On December 10, 2024, the assigned magistrate judge in Belyew v. Parker recommended that the habeas application be denied including her claim that the trial court improperly denied her custody credits. See ECF No. 77 at 38 in No. 2:19-cv-0294-DAD-AC. After conducting its preliminary review of the pending § 2254 petition, the undersigned recommends that it be summarily dismissed because it is duplicative of a pending action.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion to proceed in forma pauperis (ECF No. 5) is granted.

2. The Clerk of Court shall randomly assign this matter to a District Judge.

IT IS FURTHER RECOMMENDED that:

1. Petitioner's habeas corpus application (ECF No. 1) be summarily dismissed as duplicative of Belyew v. Parker, No. 2:19-cv-0294-DAD-AC (E.D. Cal.).

2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty one days after being served with these findings and recommendations, any party may file written objections with the

---

[1] A court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

1  court and serve a copy on all parties. Such a document should be captioned "Objections to
2  Magistrate Judge's Findings and Recommendations." In her objections petitioner may address
3  whether a certificate of appealability should issue in the event he files an appeal of the judgment
4  in this case. See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must
5  issue or deny a certificate of appealability when it enters a final order adverse to the applicant).
6  Where, as here, a habeas petition is dismissed on procedural grounds, a certificate of appealability
7  "should issue if the prisoner can show: (1) 'that jurists of reason would find it debatable whether
8  the district court was correct in its procedural ruling;' and (2) 'that jurists of reason would find it
9  debatable whether the petition states a valid claim of the denial of a constitutional right.'" Morris
10 v. Woodford, 229 F.3d 775, 780 (9th Cir. 2000) (quoting Slack v. McDaniel, 529 U.S. 473, 484
11 (2000)). Any response to the objections shall be served and filed within fourteen days after
12 service of the objections. The parties are advised that failure to file objections within the
13 specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951
14 F.2d 1153 (9th Cir. 1991).
15 DATED: May 28, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE