UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA MARIE PEREZ, | No. 2:24-cv-03285-DJC-SCR P |
| Petitioner, | |
| v. | ORDER |
| LAVELLE PARKER, Warden, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On May 29, 2025, the Magistrate Judge filed findings and recommendations herein which were served on petitioner and which contained notice to petitioner that any objections to the findings and recommendations were to be filed within twenty-one days. Petitioner filed objections to the findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this Court has conducted a *de novo* review of this case. Petitioner argues in her objections that the credits she is challenging as having been properly denied in this case differ from those she is challenging in *Belyew v. Parker*, No. 2:19-cv-0294-DAD-AC (E.D. Cal.). Even if that is the case, the present application is second or successive

as it challenges the same state court judgment challenged in an earlier petition. *See* 28 U.S.C. § 2244(b); *see also Magwood v. Peterson*, 561 U.S. 320, 332 (2010). Where a petitioner's claims are second or successive, they must obtain leave from the Ninth Circuit before filing a petition. *See Magwood*, 561 U.S. at 331; *see also Burton v. Stewart*, 549 U.S. 147, 157 (2007).

Moreover, even on the merits, her claims in this case must be summarily denied for the same reasons her similar claim regarding sentencing credits in the petition in case number 2:19-cv-0294 was summarily denied: "Errors of state law do not come within the scope of federal habeas jurisdiction, *Estelle v. McGuire*, 502 U.S. [62, 67 (1991)], and sentencing is a quintessentially state law matter that is not reviewable in federal habeas. *See Miller v. Vasquez*, 868 F.2d 1116, 1118-19 (9th Cir. 1989) (question of state sentencing law are not cognizable in federal habeas). Petitioner cannot transform her state law issues into federal ones merely by invoking the federal constitution. See *Langford* [*v. Day*, 110 F.3d 1380 (9th Cir. 1997)]." *See* 2:19-cv-0294, ECF No. 77 at 38. Thus, even if the petitioner is not duplicative, second, or successive, her petition must be dismissed.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations (ECF No. 7) are adopted in part;
2. Petitioner's habeas corpus application (ECF No. 1) is dismissed; and
3. The Clerk of Court is directed to close this case.
4. The Court declines to issue the certificate of appealability referenced in 28 U.S.C. § 2253 as Petitioner has not made a substantial showing of the denial of a constitutional right, *see* 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

Dated:   **October 20, 2025**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE